■ In the Matter of DAE H. OH, Appellant, v CITY OF NEW YORK et al., Respondents. [761 NYS2d 636] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered March 19, 2002, which denied petitioner's application to annul the determination of respondent City Departments of Consumer Affairs and Transportation denying petitioner's application for a license to operate a newsstand and dismissed the petition, unanimously affirmed, without costs.

The denial of the license was rationally based on a finding that the proposed newsstand was within the frontage of a building, namely, a 46-story, block-wide hotel, that has more than three floors of "retail use" within the meaning of 6 RCNY 2-68 (b) (4) (x), including stores on the street level, a gift shop on the second floor, a travel agency on the fourth floor, a restaurant on the 14th floor and a health club on the 15th floor. We reject petitioner's argument that "retail use" does not include restaurants, travel agencies and health clubs. Interpretation of this phrase requires expert consideration of how newsstands affect pedestrian traffic patterns (*see* Administrative Code of City of NY § 20-231 [c]; 6 RCNY 2-68 [b]). Thus, as respondents' interpretation is not irrational, it is entitled to judicial deference and should not be disturbed (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239-240 [1997]). Concur—Andrias, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.